' Taliaferro, J.
The plaintiffs, in these consolidated cases, attack a sale made on the fifth of April, 1871, by Jonathan O. Pierce to his son John O. Pierce of an undivided half part share and interest of and in a large and valuable plantation lying in the parish of Carroll called “The Oakland plantation,” and they seek to have the sale annulled and set aside on the alleged ground that it was made in fraud of their rights and for the purpose of placing the property out of their reach and shielding it from being made subject to the debts owing them by Jonathan O. Pierce. They allege and show that they are creditors of said Jonathan O. Pierce to large amounts, and they aver that he was in insolvent circumstances at the time he made the sale, which they allege is fictitious, simulated and fraudulent.
Curators ad hoc were appointed to represent the several absent parties made defendants. John O. Pierce answered, denying all the allegations of the plaintiffs, charging him with fraud and simulation in the purchase of the property in question, and averring that he gave in payment of the price a part in cash and the remainder in his obligations, to be paid in installments, which he has been discharging as they have matured. He- pleads in bar of the action brought against him the prescription of one year. In the lower court there was judgment in favor of the plaintiffs annulling and setting aside the sale so far as it affected the plaintiffs’ rights, and rendering judgment in favor of the plaintiffs against Jonathan O. Pierce for the amounts claimed, and ordering that the property be seized and sold to pay the said debts of the plaintiffs. J. O. Pierce, Jr., has appealed.
The record contains a large amount of testimony. The plaintiffs have used much industry to draw out of J. O. Pierce, Sr., by searching interrogatories to him and by a long cross-examination of J. O. Pierce, Jr., on the witness stand, evidence to show that the sale was simulated, and in truth without consideration. The mother of J. O. *269 Pierce, Jr., was interrogated, also under commission, in relation to the character of the act of sale, she having sold her interest in the Oakland plantation to her son at the same time the father sold his. We think the plaintiffs have shown that about the time of the sale, April, 1871, Jonathan O. Pierce was in failing and insolvent circumstances, but we do not find that they have brought home to J. O. Pierce, Jr., a knowledge of that fact. While we are free to admit there are facts shown by the evidence Calculated to raise some doubt in regard to the perfect good faith of the transactions between the father and son as to the creditors of the former, yet, after a careful examination of the whole-evidence, and considering the attendant circumstances, we are not inclined to regard the sale as a pure simulation. We can not therefore concur with the judge of the court a qua in treating it as such. The sale may have been resorted to for the purposes alleged by the plaintiffs, but whether for fraudulent purposes or otherwise, we think it could only have been successfully assailed by a regular revocatory action, which the plaintiffs have debarred themselves from bringing by permitting the time to elapse within which that action might have been instituted.
It is therefore ordered that the judgment of the district court be annulled and reversed. It is further ordered that the defendants have judgmen-t in their favor; the plaintiffs paying costs in both courts.
Rehearing refused.